FILED

JAN 15 2020

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | No. 20 CR 0030 |
| v. | Violation: Title 18, United States Code, Section 1343 |
| ARJUN DHILLON | JUDGE DURKIN |
| | MAGISTRATE JUDGE FINNEGAN |

### COUNT ONE

The SPECIAL JANUARY 2019 GRAND JURY charges:

1. At times relevant to this indictment:

    a. Defendant ARJUN DHILLON was a resident of New York. DHILLON was briefly affiliated with Musician A, but his services for Musician A were terminated prior to the start of the charged scheme.

    b. Victim A was a resident of Florida and Illinois, and was engaged in philanthropic activities.

    c. Musician A was a resident of California. He had employees who worked on behalf of him and his entities.

2. Beginning no later than on or about July 11, 2019, and continuing until on or about August 13, 2019, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

ARJUN DHILLON,

defendant herein, knowingly devised, intended to devise, and participated in a scheme to defraud and to obtain money and property from Victim A by means of

1

materially false and fraudulent pretenses, representations, and promises, which scheme is further described below.

3. It was part of the scheme that ARJUN DHILLON fraudulently obtained $250,000 from Victim A by falsely claiming that DHILLON was currently associated with Musician A, and that Musician A was willing to support Victim A's online philanthropy campaign in exchange for $250,000 from Victim A to support Musician A's purported design studio project.

4. It was further part of the scheme that ARJUN DHILLON falsely represented to Victim A that he was currently associated with Musician A, when in fact, as DHILLON knew, Musician A had already terminated his association with DHILLON no later than in approximately October 2018.

5. It was further part of the scheme that ARJUN DHILLON falsely represented to Victim A that Musician A was willing to donate $250,000 to Victim A's online philanthropy campaign in exchange for $250,000 from Victim A to support Musician A's purported design studio project, when in fact, as DHILLON knew, Musician A had no knowledge of DHILLON's representations to Victim A and had never authorized DHILLON to make such representations.

6. It was further part of the scheme that ARJUN DHILLON created and sent email communications to Victim A that falsely purported to be between DHILLON and Musician A, in order to convince Victim A that Musician A would approve a $250,000 donation to Victim A's online philanthropy campaign once Musician A had received $250,000 from Victim A.

7. It was further part of the scheme that ARJUN DHILLON provided to Victim A bank account information that DHILLON falsely represented was associated with Musician A, for the purpose of having Victim A transfer money to that account in connection with Musician A's purported design studio project. In fact, as DHILLON knew, the bank account information he provided to Victim A was for DHILLON's own personal bank account.

8. It was further part of the scheme that ARJUN DHILLON, based on the fraudulent representation detailed above, received an interstate wire transfer of $250,000 from Victim A's bank account.

9. It was further part of the scheme that after ARJUN DHILLON's bank notified DHILLON that it was investigating whether to recall the wire transfer from Victim A, DHILLON falsely represented to his bank that he was associated with Musician A and denied any fraudulent conduct in order to convince his bank not to recall the wire transfer.

10. It was further part of the scheme that defendant concealed, misrepresented, and hid, and caused to be concealed, misrepresented, and hidden, the existence and purpose of the scheme and acts done in furtherance of the scheme.

11. On or about July 12, 2019, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

ARJUN DHILLON,

defendant herein, for the purpose of executing the above-described scheme, knowingly caused to be transmitted by means of wire communication in interstate

commerce certain writings, signs, and signals, namely, an interstate wire transfer of $250,000 from Victim A's account at CIBC Bank to DHILLON's account at Simple Bank;

In violation of Title 18, United States Code, Section 1343.

## COUNT TWO

The SPECIAL JANUARY 2019 GRAND JURY further charges:

1. Paragraphs 1-10 of Count One are incorporated here.

2. On or about July 12, 2019, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

ARJUN DHILLON,

defendant herein, for the purpose of executing the scheme, knowingly caused to be transmitted by means of wire communication in interstate commerce certain writings, signs, and signals, namely, an email from Victim A's Google Gmail account received by Victim A's bank in Chicago, processed through Google Gmail servers located outside Illinois;

In violation of Title 18, United States Code, Section 1343.

A TRUE BILL:

_____
FOREPERSON

_____
UNITED STATES ATTORNEY

5