UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| UNITED STATES OF AMERICA | No. 20 CR 30 |
|---|---|
| v. | Judge Thomas M. Durkin |
| ARJUN DHILLON | |

## AGREEMENT TO DEFER PROSECUTION

The UNITED STATES OF AMERICA, by JOHN R. LAUSCH, JR., United States Attorney for the Northern District of Illinois, through Assistant United States Attorneys BRIAN R. HAVEY and JOHN D. MITCHELL, and the defendant, ARJUN DHILLON, individually and through his attorneys, GABRIELLE R. SANSONETTI, SHELDON T. ZENNER, LARI A. DIERKS, and IAN A. VITALIS, hereby agree and state as follows:

1. Defendant has been charged, by way of indictment, with certain violations of Title 18, United States Code, Section 1343 (wire fraud).

2. Defendant knows and understands that he has a right to have his guilt or innocence of the criminal charges determined by a jury of his peers, pursuant to the terms of the Speedy Trial Act, Title 18, United States Code, Section 3161 et seq.

3. By signing this Agreement to Defer Prosecution, defendant agrees that his prosecution and trial on the pending charges shall be delayed pursuant to Title 18, United States Code, Section 3161(h)(2). Defendant further agrees that the period during which his trial is delayed, pursuant to this Agreement, shall be excluded in computing the time within which a trial must commence under the Speedy Trial Act.

In exchange for the benefits afforded by this Agreement, and in order to carry out the terms of the Agreement, defendant knowingly waives his right to assert that the delay of his trial constituted a violation of the Speedy Trial Act.

**Conditions of Deferred Prosecution**

4. Pursuant to Title 18, United States Code, Section 3161(h)(2), the United States Attorney for the Northern District of Illinois agrees to move the Court to defer the prosecution and trial of defendant on the charges in the pending indictment—for a period of six months from the date of this Agreement—for the purpose of allowing defendant to demonstrate his good conduct during such six-month period. For the purpose of demonstrating his good conduct, defendant agrees to abide by the following terms and conditions:

a. defendant shall first report to the U.S. Marshals Service, in the Eastern District of New York, to complete his processing for pretrial release;

b. defendant thereafter shall not violate any federal, state, or local law (not counting minor traffic and parking infractions);

c. defendant shall immediately notify the U.S. Pretrial Services Office for the Northern District of Illinois if he is arrested and/or questioned by any law enforcement officer in any jurisdiction for any reason;

d. defendant shall refrain from unlawfully using or possessing narcotic drugs or other controlled substances defined in Title 21, United States Code, Section 802, unless prescribed by a licensed medical practitioner;

e. defendant shall not possess any firearm or apply for any Firearm Owner Identification ("FOID") card; and

f. with respect to the person referenced in the indictment as "Musician A," defendant shall not:

    i. contact or attempt to contact Musician A, directly or indirectly;

    ii. hold himself out in public or in private, in any way, as a current business associate or representative of Musician A or any of Musician A's enterprises;

    iii. solicit any business by representing a current business association or relationship with Musician A or any of Musician A's enterprises; or

    iv. otherwise seek any personal benefit or financial gain by representing a current business association or relationship with Musician A or any of Musician A's enterprises;

unless defendant first obtains an unambiguous, written consent from a duly authorized legal representative of Musician A.

**Factual Admissions by Defendant**

5. By signing this Agreement, defendant admits the following facts:

a. Beginning in 2018, defendant and Musician A collaborated on various projects and ideas to further Musician A's businesses and creative enterprises. Defendant never had a formal employment relationship with Musician A. The association or relationship between defendant and Musician A continued thereafter informally and periodically.

b. In February 2019, Musician A referred defendant to a senior White House advisor, who then engaged defendant in substantive discussions about innovating America's workforce through a design studio pilot program. This resulted in defendant seeking philanthropic contributions from business leaders to support the design studio.

c. In July 2019, defendant knowingly held himself out to the public (via a social media platform) and, in particular, to Victim A (via email and text message) in such a way as to lead Victim A to believe that defendant was a current business associate of Musician A and one of Musician A's creative enterprises.

d. At this time, Victim A solicited defendant for Musician A's involvement in a public philanthropic endeavor initiated by Victim A. Shortly thereafter, defendant solicited Victim A's financial support for the design studio project associated with the White House and Musician A. Defendant sent Victim A the proposal previously submitted to the White House.

e. In support of this design studio, Victim A transferred, by means of an interstate wire, $250,000 of his own money to defendant's bank account based, at least in part, on certain statements of material fact, such as those set forth above and the following:

i. defendant falsely communicated to Victim A that he spoke to a purported "finance person" of Musician A named "Samantha" to arrange a matching $250,000 contribution to Victim A's philanthropic project, when in fact, defendant did

not speak to Samantha, and such a $250,000 contribution from Musician A never materialized; and

            ii. the bank account to which defendant instructed Victim A to wire-transfer his $250,000 was a personal bank account held by defendant, with no connection to Musician A or any of Musician A's businesses.

    f.    At or around the time defendant provided Victim A with his bank account number but before Victim A initiated the $250,000 wire-transfer, defendant communicated to Victim A that he was authorized to "tweet" Musician A's support for Victim A's philanthropic project. An attorney purportedly representing Musician A subsequently contacted Victim A and claimed that Victim A did not have permission to tweet that Musician A supported Victim A's philanthropic project, prompting Victim A to take down his tweet. Upon learning this information, defendant immediately contacted White House staff.

    g.    On or about July 15, 2019, defendant learned that Victim A had recalled the $250,000 wire-transfer. In turn, defendant attempted to persuade his bank, in writing, not to reverse the wire-transfer. Defendant also attempted to persuade Victim A to allow defendant to retain the $250,000 but agreed to return the $250,000 unless he heard otherwise from Victim A.

    h.    At one point, defendant falsely stated to Victim A that a certain web domain, which was used to host the email accounts through which defendant purportedly communicated with Musician A, had been set up and paid for by Musician A's sneaker designer, when in fact, Musician A's sneaker designer had not

done so, and instead, it was defendant who created and paid for that web domain on his own personal credit card.

  i. As a result of all of the above, Victim A's funds were placed at a risk of loss and Victim A's reputation for philanthropy was placed at a risk of damage.

  j. Following its investigation, and at Victim A's request, defendant's bank reversed the $250,000 wire-transfer and thereby returned the funds to Victim A's bank account.

6. Defendant understands that the factual admissions listed above may be used against him in the prosecution of this case if:

  a. subsequent to the entry of this Agreement, the United States Attorney determines pursuant to paragraph 7 that defendant knowingly breached this Agreement; and

  b. the United States Attorney in his discretion elects to vacate this Agreement and to resume prosecution of the charges in the pending indictment.

**Further Agreements Between the Parties**

7. If, during the period of this Agreement, the United States Attorney, in his discretion, determines that defendant has knowingly violated any term or condition of this Agreement, then the United States Attorney may, in his discretion, and after having provided notice to the defendant specifying the conditions of the Agreement which defendant has violated, unilaterally revoke or modify any condition of this Agreement and/or modify the six-month period of supervision, which modification shall in no case exceed twelve months. The United States Attorney

likewise may, in his discretion, release defendant early from the term of supervision at any time. Furthermore, the United States Attorney may at any time within the period of defendant's supervision initiate prosecution for the charged offenses should defendant knowingly violate the conditions of this Agreement. In such case, the U.S. Attorney's Office will furnish defendant with notice specifying the conditions of the Agreement which defendant has violated. Defendant understands that any determination as to whether he has violated this Agreement shall be made by the United States Attorney, within his sole discretion, and not by the U.S. Pretrial Services Office or the Court.

8. If defendant successfully fulfills all the terms and conditions of this Agreement, the government shall move the Court to dismiss the indictment currently pending against defendant.

9. Defendant understands that this Agreement is a public document and will be publicly available and may be disclosed to any party.

10. Defendant further understands that, pursuant to Title 18, United States Code, Section 3161(h)(2), this Agreement is subject to the approval of the Court. *United States v. Fokker Servs. B.V.*, 818 F.3d 733 (D.C. Cir. 2016).

11. Should the Court refuse to approve, and thereby reject, this Agreement, neither party shall be bound to any term of this Agreement, and no admissions in this Agreement may be used against defendant.

**Waiver of Any Claims Arising from Any Delay in Prosecution**

12. I, defendant ARJUN DHILLON, assert and certify that I am aware that the Sixth Amendment to the Constitution of the United States provides that, in all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial. I also am aware that Rule 48(b) of the Federal Rules of Criminal Procedure provides that the Court may dismiss an indictment, information, or criminal complaint for unnecessary delay in presenting a criminal charge to a grand jury, filing an information, or in bringing a defendant to trial.

13. By signing this Agreement, I hereby request the United States Attorney for the Northern District of Illinois to defer any prosecution of me for violations of Title 18, United States Code, Section 1343 (wire fraud) for a period of six months. To induce the United States Attorney to defer such prosecution, I hereby agree and consent that any delay from the date of this Agreement to the date of initiation of prosecution, as provided for under the terms of this Agreement, shall be deemed to be a necessary delay at my request. I further waive any defense to such prosecution on the ground that such delay operated to deny my rights to a speedy trial under Rule 48(b) of the Federal Rules of Criminal Procedure and the Sixth Amendment to the Constitution. Nor shall I seek to bar the prosecution by reason of the running of the statute of limitations for a period of months equal to the period of this Agreement.

14. I, defendant ARJUN DHILLON, further acknowledge that I have read this Agreement and carefully reviewed each provision with my attorneys. My

attorneys and I acknowledge that no threats, promises, or representations have been made, nor agreements reached, other than those set forth in this Agreement.

15. I further acknowledge that I fully understand and voluntarily accept each and every term and condition of this Agreement.

AGREED THIS DATE: 4/13/22

_____
JOHN R. LAUSCH, JR.
United States Attorney

_____
BRIAN R. HAVEY
Assistant United States Attorney

_____
JOHN D. MITCHELL
Assistant United States Attorney

_____
ARJUN DHILLON
Defendant

_____
SHELDON T. ZENNER
Attorney for Defendant

_____
GABRIELLE R. SANSONETTI
Attorney for Defendant

_____
LARI A. DIERKS
Attorney for Defendant

_____
IAN A. VITALIS
Attorney for Defendant